HAGAN v. BROCKIE and another.*

*(District Court, E. D. Pennsylvania. February 17, 1882.)*

1. ADMIRALTY—CHARTERER OF BARGE—OWNER OF WHARF—INJURY FROM OBSTRUCTION IN DOCK—LIABILITY.

Neither the charterer of a barge, nor the owner or tenant of a dock into which the charterer orders her, is liable for injury to the barge caused by the previous displacement of piles in dredging, if they had no knowledge or notice of the displacement, or any reason to anticipate it.

2. SAME—NEWLY-DREDGED DOCKS.

The evidence in this case *held* not to sustain libellant's allegation that newly-dredged docks were usually considered unsafe for barges, on account of the tendency of the dredging-machine to pull up or uncover old logs or spiles.

In Admiralty.

Libel by Peter Hagan, owner of the barge William, against William Brockie and the American Steam-ship Company, to recover damages for the sinking of the barge. The testimony disclosed the following facts: The barge was chartered by William Brockie, who was shipping grain to Europe. It was to be used for the purpose of receiving grain from small vessels and unloading it into ocean steamers of the American Steam-ship Company. The master was ordered

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

by Mr. Brockie to take the barge to a dock adjoining a private wharf owned by the Pennsylvania Railroad Company, but used with the latter's permission by the American Steam-ship Company. After lying there a short time, a dredger arrived to dredge the dock, and the barge, by Mr. Brockie's orders, proceeded to another dock. After the dredging was completed, the barge, still acting under Mr. Brockie's orders, returned to the railroad company's dock, and while there was sunk by reason of two spiles which projected from the wharf, under the surface of the water, and which at low tide were forced through the bottom of the barge. Libellant produced testimony to the effect that newly-dredged docks are usually considered dangerous to barges because of the tendency of the dredging-machine to pull up or uncover old logs or spiles; that the master objected to entering the dock on that account; and that he only yielded his objections upon the positive orders of Mr. Brockie's agent, and a promise of indemnity against damage. Respondent introduced testimony to contradict both the danger and the promise. The evidence showed that respondents had no actual knowledge or notice of the existence of the spiles.

*George P. Rich*, for libellant.

*Williams Carter* and *Morton P. Henry*, for respondent Brockie.

*Henry G. Ward*, for respondent the American Steam-ship Company.

BUTLER, D. J. The libellant's case rests on his allegation of negligence. The respondents were not insurers; but were bound to the observance of proper care. Does the evidence show that they failed in this? The dock was dredged immediately before the barge entered. This is not only the usual, but the universal, method of removing obstructions and rendering the channel safe. How, then can the respondents justly be charged with negligence? As respects Mr. Brockie, the libellant has undertaken to show actual knowledge of danger. But even if the testimony appealed to is credited, it falls short. It shows notice simply that the barge's master *believed* a newly-dredged dock unsafe, for such vessels. This was of no importance, and the master was justified in disregarding it, unless the belief corresponds with common experience. The libellant has, however, produced testimony to show that it does correspond with such experience—that freshly-dredged docks are frequently found to be unsafe for the entrance of barges, and that this is so well understood that they are commonly subjected to inspection before such vessels enter. The testimony, when all considered, in my judgment,

does not sustain the position. Its weight, I think, is clearly the other way. A number of witnesses, of very large experience, testify that they never heard of such danger, and that docks are never inspected after dredging, except to ascertain the depth of channel. It is probably true, as stated by one of the libellant's witnesses, (Patrick Powderly,) that bargemen entering such docks use their poles to feel for obstructions. This is the kind of precaution, says this witness, that is taken, and that it is the only precaution he has known. It was resorted to by the barge in this instance; but unfortunately the disarranged pile was not discovered. Under the circumstances shown, and in view of common usage and experience respecting the cleansing of docks, it would be unreasonable to hold the respondents guilty of negligence. They had no reason to apprehend the displacement of the pile; it was a very extraordinary circumstance,—not to be anticipated,—and the injury resulting from it was, therefore, one against which proper care would not guard. To hold the respondents liable under such circumstances would be to make them insurers.

This view of the case renders an examination of other questions discussed unimportant.

The libel must be dismissed.